# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**UNITED STATES OF AMERICA**

**-vs-**  Case No. 6:08-cr-270-¶Orl-31KRS

**NATHANIEL GREEN**

## ORDER

This cause came on for consideration without oral argument on the following motion filed herein:

| | |
|---|---|
| **MOTION:** | **OBJECTION TO ADEQUACY OF 21 U.S.C. § 851 INFORMATION (Doc. No. 170)** |
| **FILED:** | **February 18, 2010** |

**THEREON** it is **ORDERED** that the motion is **DENIED**.

On December 10, 2008, the government indicted Nathaniel Green ("Green") for violations of 21 U.S.C. § 841(b)(1)(A)(iii) (crack cocaine) and 18 U.S.C. § 922 (g) (possession of firearm by a convicted felon). On December 20, 2008, the government filed an information pursuant to 21 U.S.C. § 851, providing notice that in the event Green was convicted, the government intended to rely on two previous cocaine possession convictions to obtain increased punishment. (Doc. 23 at 1). The information provided the dates, courts, and case numbers for the previous convictions, and copies of the judgments were attached. However, the information did not specify the increased punishment that would be sought or identify the sentencing statute under which the government intended to proceed.

On February 24, 2009, after a trial, Green was convicted of both charges. As to the cocaine charge, the government seeks to have Green sentenced pursuant to 21 U.S.C. § 841(b)(1)(a)(viii), which provides in pertinent part that if a person "commits a violation of this subparagraph . . . after two or more prior convictions for a felony drug offense have become final, such person shall be sentenced to a mandatory term of life imprisonment". Green contends that the government failed to provide proper notice of its intent to pursue such a sentence and, as a result, this Court lacks the power to impose it.

The notice requirement is governed in this case by 21 U.S.C. § 851. In pertinent part, that statute provides that

> No person who stands convicted of an offense under this part shall be sentenced to increased punishment by reason of one or more prior convictions, unless before trial, or before entry of a plea of guilty, the United States attorney files an information with the court (and serves a copy of such information on the person or counsel for the person) stating in writing the previous convictions to be relied upon.

21 U.S.C. § 851(a)(1).

The United States Court of Appeals for the Eleventh Circuit has held that this passage is jurisdictional, and that a failure to abide by its requirements robs the court of the power to impose an enhanced sentence. *See United States v. Olson*, 716 F.2d 850, 853 (11th Cir. 1983). District courts must strictly comply with the requirements of 21 U.S.C. § 851. *United States v. Harris,* 149 F.3d 1304, 1306 (11th Cir. 1998). This provision has two purposes: to give the defendant time to contest the accuracy of the information, and to give the defendant the ability to decide whether to go to trial with full knowledge of the consequences of a potential guilty verdict. *United States v. Williams*, 59 F.3d 1180, 1185 (11th Cir. 1995).

Green admits that the government here complied with the explicit requirements of 21 U.S.C. § 851 – *i.e.*, that prior to trial, the government filed and served a written statement that identified the two previous convictions on which it now seeks to rely. He contends, however, that "strict compliance" with the requirements of that section also obligated the government to identify the particular enhanced sentence it sought (*i.e.*, mandatory life imprisonment) and the statutory provision that permitted imposition of such a sentence.

The primary case cited by Green for this proposition is *United States v. Bowden*, 2009 WL 32755 (11th Cir. Jan. 7, 2009), in which the appellate court vacated the trial court's sentence enhancement. However, in that case, the government had failed to clearly indicate the previous convictions to be relied upon, because it listed the wrong date for one of his convictions. *Id.* at *1. More troubling was the government's citation in the information to a statute that imposed only a ten-year mandatory minimum term of imprisonment – after which, the government sought (and obtained) a sentence of mandatory life imprisonment. *Id.* Thus, the government in the *Bowden* case had run

afoul of both the letter of the law – by somewhat misstating the previous convictions to be relied upon – and its spirit – by effectively misrepresenting to the defendant the penalty he was facing.

Here, in contrast, the government abided by both the letter of 21 U.S.C. § 851 and its spirit. The government clearly identified, in writing, prior to the trial, the two convictions upon which it intended to rely for sentence enhancement. And there is no suggestion that Green was misled or left in the dark as to the sentence the government intended to pursue.[1]

**DONE** and **ORDERED** in Chambers in Orlando, Florida on March 15, 2010.

*[signature]*
GREGORY A. PRESNELL
UNITED STATES DISTRICT JUDGE

Copies furnished to:

United States Marshal
United States Attorney
United States Probation Office
United States Pretrial Services Office
Counsel for Defendant
NATHANIEL GREEN

---

[1] Although a defendant's knowledge of the actual enhanced sentence he faces would not save a defective 21 U.S.C. § 851 information, the Court notes that Green has asserted throughout this case that he faced a mandatory life sentence.

-4-