# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

**UNITED STATES OF AMERICA**

-vs-                                                                                       Case No. 6:08-cr-270-Orl-31KRS

**NATHANIEL GREEN**

_____

## ORDER

Defendant, Nathaniel Green, has moved for a new trial pursuant to Fed.R.Crim.P. 33. (Doc. 194). The government opposes the request. (Doc. 209). As grounds for his motion, Defendant asserts newly discovered evidence, to wit: (1) that the confidential informant ("CI") who testified for the government had been arrested on March 6, 2007 for possession of marijuana; and (2) that the defense has now identified several individuals who observed the CI consuming narcotics during the course of the investigation.

To warrant a new trial on the grounds of newly discovered evidence, the Defendant must demonstrate the following:

1. That the evidence was discovered following trial;

2. That the movant exercised due diligence in discovering the evidence;

3. That the evidence is not merely cumulative or impeaching;

4. That the evidence is material to issues before the Court; and

5. That the evidence is of such a nature that a new trial would probably produce a new result.

*United States v. Champion*, 813 F.2d 1154, 1170-71 (11th Cir. 1987). Failure to establish any one of these elements is fatal to a motion for new trial. *United States v. Lee*, 68 F.3d 1267, 1274 (11th Cir. 1995).

### *The CI's Prior Arrest*

After the trial, the government discovered that the CI had been arrested in 2007 for possession of marijuana. This information was promptly forwarded to defense counsel. Defendant argues that this new evidence is not merely impeachment but rather goes to the heart of the government's case and shows that the CI lied at trial. The Court disagrees.

The CI admitted at trial that he had used marijuana before becoming a DEA informant. His prior arrest for possession of marijuana is not inconsistent with that testimony. Thus, even for purposes of impeachment, the new evidence is of little consequence. In addition, there was substantial evidence of Defendant's guilt that was independent of the CI's testimony. The Court finds that this new evidence would not produce a different result.

### *Evidence of Drug Use by the CI*

Defendant asserts that he recently discovered witnesses who could testify that the CI used narcotics during the investigation. But Defendant makes no showing that these witnesses are available to testify or what their testimony would be. Nor has Defendant provided an explanation as to why this information could not have been developed before trial. Finally, it is doubtful that this evidence would be admissible. Even if it were admissible, the Court finds that it would not change the outcome. The agents who worked closely with the CI during the investigation found him to be sober and reliable. There was no indication that he was under the influence of drugs

during the transactions in question. At most, the evidence would merely impeach the CI's testimony, which is not enough to warrant a new trial.

*Conclusion*

Motions for new trial based on newly discovered evidence are disfavored in this Circuit and should be granted only with great caution. *United States v. Devila*, 216 F.3d 1009, 1015 (11th Cir.2000) (*per curiam*), *vacated in part on other grounds*, 242 F.3d 995, 996 (2001) (*per curiam*). Defendant has not met his burden of showing that a this new evidence justifies a new trial. Accordingly, it is

    **ORDERED** that the Motion is DENIED.

    **DONE** and **ORDERED** in Chambers in Orlando, Florida on December 3, 2010.

                                                  GREGORY A. PRESNELL
                                                  UNITED STATES DISTRICT JUDGE

Copies furnished to:

United States Marshal
United States Attorney
United States Probation Office
United States Pretrial Services Office
Counsel for Defendant
Nathaniel Green

during the transactions in question. At most, the evidence would merely impeach the CI's testimony, which is not enough to warrant a new trial.

*Conclusion*

Motions for new trial based on newly discovered evidence are disfavored in this Circuit and should be granted only with great caution. *United States v. Devila*, 216 F.3d 1009, 1015 (11th Cir.2000) (*per curiam*), *vacated in part on other grounds*, 242 F.3d 995, 996 (2001) (*per curiam*). Defendant has not met his burden of showing that a this new evidence justifies a new trial. Accordingly, it is

    **ORDERED** that the Motion is DENIED.

    **DONE** and **ORDERED** in Chambers in Orlando, Florida on December 3, 2010.

_____
GREGORY A. PRESNELL
UNITED STATES DISTRICT JUDGE

Copies furnished to:

United States Marshal
United States Attorney
United States Probation Office
United States Pretrial Services Office
Counsel for Defendant
Nathaniel Green